## Case No. 17,183.

### WARNER v. GOODYEAR.

[Mac.A. Pat. Cas. 60; Cranch, Pat. Dec. 125.]

Circuit Court, District of Columbia. July 17, 1846.

PATENTS — INTERFERENCES — STIPULATION AS TO EVIDENCE—EVIDENCE OF PRIORITY.

[1. An agreement that all testimony taken before certain named commissioners before a given date "shall be heard and considered by the commissioner of patents whether the same be filed before the 12th of January instant or not," operates as a waiver of objections to the competency of the witnesses.]

[2. Proof that one claiming to be the inventor of a combination was the first to make a machine embodying the same is prima facie evidence that he invented it; but this proof is rebutted by the fact that while so doing he was working for an employer at his trade of ma-

chinist; that he did not claim to be the inventor until long after his alleged invention, but allowed his employer to apply for a patent without objection, and did not himself make application for over 18 months after his supposed invention, and nearly 6 months after his employer had obtained a patent.]

[Cited in Burlew v. O'Neil, Case No. 2,167.]

[This was an appeal by Solomon C. Warner from a decision of the commissioner of patents in interference proceedings, awarding a patent to Charles Goodyear for a machine for manufacturing corrugated or shirred India rubber goods.]

Edgar S. Van Winkle, for appellant.
William Indran, for appellee.

CRANCH, Chief Judge. Appeal from the decision of the commissioner of patents refusing a patent to S. C. Warner for combining with metallic calender rollers an elastic endless apron and a stretching-frame, for manufacturing corrugated or shirred India-rubber goods. The only material point involved in the reasons of appeal, and to which my revision must be limited, is whether Solomon C. Warner was the first inventor of that combination (which is the same combination for which Charles Goodyear obtained a patent on the 9th of March, 1844 [No. 3,461], upon a specification dated July 24, 1843, more than fifteen months before the application of Solomon C. Warner); for if he was not the first inventor, it is immaterial to this cause who was. Upon this point the commissioner of patents had decided that he was not the first inventor; and upon his appeal from that decision the question is now brought before me, and must be decided according to the evidence produced before the commissioner and now laid before me. That a patentable improvement in the manufacture of corrugated or shirred India-rubber goods by machinery has been invented, is admitted by both parties; and in order to ascertain who was the inventor, it seems to be necessary, first, to ascertain in what this patentable improvement consists. It does not consist in the whole machine, nor in any particular part of it, for neither the whole nor any part of it is new. The invention consists only of a new combination of some known mechanical principles or powers. The calenders, the rollers, the endless apron, and the stretching-frame are all old instruments, and as such cannot be patented; but when a certain particular combination of them produces a new and useful effect in the manufacture, that combination becomes the lawful subject of a patent. Warner's specification says that what he claims as new is the combining with the metallic calender rollers an elastic endless apron and a stretching-frame. Goodyear's specification is in the same words, omitting the word "metallic." The question, then, is, was Solomon C. Warner the first inventor of that combination? A vast deal of testimony has been taken; much of it is immaterial. The coun-

sel for the claimant objects to some of Mr. Goodyear's witnesses as incompetent by reason of their interest. But there is an agreement signed by the counsel of the parties, dated January 9, 1846. "that all testimony taken before —— Goodyear, Esq., U. S. Commissioner, and —— Metcalf, Esq., U. S. Commissioner, up to and during the 9th of January, 1846, shall be heard and considered by the commissioner of patents whether the same be filed before the 12th of January instant or not; rights reserved as to all other testimony taken after this date." All the testimony to which the objection relates was taken before those commissioners, or one of them, and before or during the 9th of January, 1846. This agreement seems to me to be a waiver of the objection to the competency of the witnesses whose testimony is thus agreed to be heard and considered. The objection, however, may go to their credit and have its due right. The principle evidence in favor of Solomon C. Warner is the inference drawn from the fact that he made the machine which contains the combination for which he desires to obtain a patent. This is prima facie evidence that he was the first inventor of that combination. This inference, however, is rebutted by the fact that in making that machine he was working at his trade as a machinist in the employment and for the benefit of Mr. Goodyear for wages; that he did not claim to be the inventor of that combination for a long time after his supposed invention, but stood by and saw Mr. Goodyear apply for and obtain a patent for it without objection; and did not apply for a patent for it as his own invention until the 4th of November, 1844, more than eighteen months after his supposed invention, and nearly six months after Goodyear had obtained his patent for the same invention, and not till Norton & Lawrence had agreed to secure him against all costs and expenses to be incurred in procuring the patent. Those facts seem to me to rebut the inference drawn from the fact that Mr. Warner was the fabricator of the machine which contains the combination. The greater part of the testimony produced by him is to prove the fact that he built the machine. The presumption, from the fact that Warner made the machine for Goodyear at his request, for his benefit, and at his expense, is that it was made according to his directions; and the burden of proof is then on Warner to show that the machine was not according to his directions. By a careful examination of the testimony, I am satisfied that in the fall of 1842 Mr. Charles Goodyear made several experiments combining the principle of the calenders, the stretching-frame, and the elastic apron passing through the calenders with the cloth intended to be corrugated, and ascertained that a machine combining these principles. if properly made, would effect the object he had in view, viz., the shirring of India-rubber goods by machinery. This combina-

tion, the effect of which Mr. Goodyear had thus ascertained, was reduced to practice by the machine built by Solomon C. Warner, at the request or by the order and at the expense of Mr. Goodyear; so that it was in fact Mr. Goodyear, and not Mr. Warner, who reduced the invention to practice. Whether the apron shall be an endless or a straight apron, does not affect the principle. The object was to have an elastic matter pass through the calenders with the cloth intended to be corrugated. The one way does the work better than the other, but neither of these effects the object intended. Mr. Goodyear's invention or discovery was in 1842. Mr. Warner claims only from the spring of 1843. Without deciding, therefore, the question whether or not Mr. Solomon C. Warner received his instruction from Mr. Goodyear or from Mr. Emory Kider, or from any one else, I am of opinion from the evidence that Mr. Solomon C. Warner was not the first inventor of the combination for which he asks to obtain a patent.

[For other cases involving this patent, see Ex parte Robinson, Case No. 11,932; Gardner v. Goodyear Dental Vulcanite Co., 21 U. S. (Lawy. Ed.) 141; Goodyear v. Carey, Case No. 5,562; Day v. Stellman, Id. 3,690; Goodyear v. Day, Id. 5,568.]